UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
BRYAN SEXTON,

                    Plaintiff,

        v.
                                                Civ.
DAVID DELLACATO,

                    Defendant


-----------------------------------------------------------X


MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
COMPEL PRODUCTION AND
CONTEMPT

Leslie Trager
Attorney for Plaintiff
230 Park Avenue
New York, NY 10169
212 721 1192
tragerlaw@gmail.com

FACTS

On November 15, 2012, plaintiff served defendant with a subpoena issued by an arbitration panel in the matter entitled <u>Bryan Sexton v. Jake Karam, Kent Hughes, Valdimir Shushkovsky, Ian Winter, CC Capital, Incorporated and "Red Star Poker,"</u> international arbitration number 50 148 T00408 11. This arbitration is pending in New York, New York. (See exhibits A and B). No objection was made by any of the respondents in the arbitration to the request for this subpoena. The subpoenaed party, David Dellacato ("Dellacato") produced the documents in advance of the scheduled hearing so that the scheduled hearing became unnecessary.

But, an analysis of the documents produced, and conversations with Dellacato, showed that the documents produced were largely fictitious, were mostly given to Dellacato by respondent Jake Karam and were obviously incomplete. See declaration of Leslie Trager outlining the evidence relating to the production by Dellacato.

That respondent Jake Karam reached out to Dellacato and talked with him about the subpoena in advance of the service of the subpoena upon Dellacato is not disputed, as Dellacato confessed to this in a conversation with Leslie Trager. That false documents were thereafter produced by Dellacato is also not surprising because the arbitration claim alleges that plaintiff has been frozen out of his investment in the Red Star Poker site and that Karam and the other respondents have been giving him false

2

documents in order to conceal from Sexton the fact that the Red Star Poker site is very successful and generating huge returns.  Sexton has retained a forensic account who has informed Sexton that the financial statements sent to him by the respondents in the arbitration are unreliable, contain inconsistent and unsubstantiated numbers and that alterations were made to the records produced by the respondents to support the financials.  Moreover, to portray Red Star Poker as not being successful, as respondents have done, flies in the face of evidence obtained from the poker site itself and the reputation of this site as being one of the largest and most successful. (See Trager declaration for details).

Dellacato was subpoenaed because he is another investor in the Red Star Poker site, who is believed to have been more favorably treated than plaintiff.

This memorandum will demonstrate that this Court has the power to compel Dellacato to produce the real documents and to hold him in contempt for failure to do so.

> I.  THE COURT HAS AUTHORITY TO COMPEL COMPLIANCE
> WITH A SUBPOENA ISSUED BY ARBITRATORS BECAUSE
> THERE IS DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES
> AND THE WITNESS RESIDES WITHIN 100 MILES OF
> THE COURTHOUSE.

Because there is diversity between the parties, subject matter jurisdiction is not a concern. *Dynegy Midstream Service, LP v. Trammochem*, 495 F 3d 89,92 (2nd Cir. 2006) held:

3

> Section 7 of the FAA empowers arbitrators to 'summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with or them any book , record, document, or paper which may be deemed material as evidence in the case.' ... Such a summons must be 'served in the same manner as subpoenas to appear and testify before the court' and may be enforced by the 'district court for the district in which such arbitrators, or a majority of them, are sitting.'"

The court there held that service of process in an arbitration proceeding was governed by rule 45 of the Federal Rules of Civil Procedure. Rule 45 (b)(2)(B) provides for service "within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." Since Dellacato was served in Stamford Connecticut where he works, he was served within that 100 mile limit for a hearing in New York, NY. Thus, this Court has the power to enforce the subpoena in this case.

## II.  THIS COURT HAS THE POWER TO ENFORCE THE SUBPOENA AND TO GRANT THE REMEDIES REQUESTED.

In *Stolt-Nielsen SA v. Celanese AG*, 430 F. 3d 567 (2nd Cir 2005) the court upheld the district court's enforcement of a subpoena issued by an arbitration panel. In so holding the court held: "[T]he District Court correctly observed, Section 7's reference to hearings 'before [the arbitrators] or any of them' suggests that the provision authorizes the use of subpoenas at preliminary proceedings even in front of a single arbitrator, before the full panel 'hears the more central issues.'" id. at 579. This was the procedure followed in this case as Dellacato was required to produce

documents at a hearing before the chairman of the panel. When Dellacato voluntarily produced documents in advance of that hearing (and denied that he had any additional documents to produce), the hearing became moot.

Where a witness gives false information in response to a subpoena, that person can be cited for civil contempt. See *Quantum Heating Services Inc. v. Austern*, 121 A.D. 2d 437, 438 (2nd Dept 1996) holding that the "imposition of a fine which includes reasonable legal fees as part of statutorily recoverable costs and expenses is proper in the absence of actual damages."

### III.  RELIEF REQUESTED.

The facts show that the defendant has failed to produce many of the records called for by the subpoena, which essentially asks Dellacato to produce all of his records relating to the Red Star Poker site. In addition, the record shows that Dellacato has produced false documents apparently supplied to him by Karam. Under these circumstances, not only should Dellacato be directed to produce all documents called for by the subpoena, including the missing shareholders agreement and emails described in Trager's declaration, but he should be directed to give access to his computers to plaintiff's attorney and his expert so that plaintiff can make sure that the documents called for are produced and determine the extent to which Dellacato has produced false documents from other sources. After that this Court can hold a hearing to determine whether to find defendant in contempt of the subpoena.

### CONCLUSION

For the foregoing reasons, the relief requested by plaintiff to enforce the subpoena and find defendant in civil contempt should be granted.

Dated: December 10, 2012
      New York, NY                    Respectfully submited,

_____
Leslie Trager (lt 8995)
Attorney for plaintiff
230 Park Avenue
10th floor
New York, NY 10169
212721 1192
tragerlaw@gmail.com